[No. 9049.]

## In re Nash.

1. *Ne Exeat—Scope of the Writ,* has not been enlarged by the code. (101.)

Petitioner being defendant in an action for slander was arrested and detained under a writ of *Ne Exeat.* He was discharged upon his petition under the habeas corpus act. (101.)

2. Supreme Court—*Jurisdiction.* Petitioner being unlawfully detained under process from the District Court, this court entertained his petition under the habeas corpus act, and ordered his discharge. (101.)

Mr. John T. Bottom, for petitioner.

Mr. W. B. Wiley, for respondent.

Mr. Justice White delivered the opinion of the court.

The sole question involved herein is whether petitioner may be legally held in custody by the sheriff of Moffat County under and by virtue of a writ of *Ne Exeat Republica,* issued out of the District Court for that county, in an action at law there pending, to recover of petitioner herein damages for slander.

The scope of the writ of *Ne Exeat* has not, in this state, been enlarged by statute,—sec. 469, *Code of Civil Procedure,*—and if there are exceptions, as claimed, to the rule that the writ is a *mesne* process of equity, the underlying facts in the action for slander were insufficient to authorize the issuance of the writ.—*People, ex rel v. Barton,* 16 Colo. 75, 80, 26 Pac. 149, 29 Cyc. 384, 386, 387.

The petitioner is, therefore, entitled to rely upon the *habeas corpus* act and is accordingly discharged from custody.

Decision *en banc.*